**UNITED STATES of America,**
**Plaintiff,**

v.

**ONE 1967 DODGE PICKUP TRUCK,**
**SERIAL NO. 1281711576, Defendant.**

**Civ. No. 5691–69.**

United States District Court,
S. D. Alabama, S. D.

March 23, 1970.

Chares S. White-Spunner, Jr., U. S. Atty., Mobile, Ala., for plaintiff.

Thomas M. Haas, Mobile, Ala., for defendant.

## ORDER

PITTMAN, District Judge.

This cause came on to be heard in open court on March 4, 1970, without a jury. The United States seeks a forfeiture of the vehicle described in the complaint for breach of the provisions of 26 U.S.C. §§ 7301 and 7302, which provisions deal with the forfeiture of vehicles used in the transportation of property in fraud of the Internal Revenue laws.

## FINDINGS OF FACT

The evidence presented by the United States was that on June 11, 1969, at about 9:10 p.m., agents of the Alcohol, Tobacco and Firearms Division of the U. S. Treasury Department (hereafter referred to as AT & F agents), who were stationed in fields approximately 50 yards from the home of claimant, Henry Johnson, observed an automobile drive onto Johnson's property and stop at a barn. Two unidentified men were observed unloading 45 one-gallon containers from the trunk of said car, which were placed beside the barn.

At approximately 3:00 a. m. June 12, 1969, the AT&F agents observed the 1967 Dodge truck, as described in the complaint, being driven to the side of the barn. Thereafter, two men loaded the 45 one-gallon containers onto the truck. The truck was then driven to an open field about 40 yards from the barn.

At about 5:25 a. m. on the same morning, the agents observed one Earl Lee Johnson, the son of Henry Johnson, drive up in a 1968 Ford pickup truck with a passenger, John H. Anderson, and park beside the 1967 pickup.

The two Johnsons and Anderson were observed moving 12 of the one-gallon containers from the 1967 pickup onto the 1968 pickup and 11 of the one-gallon containers into nearby weeds.

At this time, the agents moved in and arrested the three men.

Agent Wade testified that he was present when Agent Watson read the "Miranda warnings" to both Henry and Earl Johnson, and that he heard Henry Johnson state a man had owed him some money and asked Henry Johnson if he could pay off in whiskey and he agreed.

Earl Johnson, after being advised on "Miranda warnings," told the agents his father called him early that morning and asked him to come over and help move some whiskey.

The agents examined the liquid in the containers and found it to be moonshine whiskey. No stamps were found on the containers.

Henry Johnson and John Anderson, two of the three men arrested on this occasion for the above acts, testified. The third person is deceased. In a pre-trial order it was agreed that Henry Johnson, John Henry Anderson and Earl Lee Johnson (deceased) had records and reputations for dealing in non-tax paid alcoholic beverages at the time the motor vehicle was seized.

Their testimony was to the effect that the seizure was on the property of Henry Johnson. Mr. Anderson's testimony was that the arrest was made at about 5:30 a. m. at the same time the AT&F agents stated it to be.

He also testified he saw some jugs at the scene of the arrest.

The thrust of Mr. Johnson's testimony was that a former acquaintance, whom he had not seen for five years, tried for several days to sell him some whiskey and came and woke him up at 3:00 in the morning of the arrest to deliver the whiskey. Johnson told him he did not want it. The next morning, after having coffee and between 7:00 and 8:00 o'clock, he became worried about it and went out and found the whiskey in the yard. He called his son to help move it to get rid of it so he would not get into trouble, and was arrested after moving it a few yards from the barn and placing part of it on the truck his son drove up in.

Mr. Johnson's testimony in several respects is in sharp variance with that of the AT&F agents, and in one respect—the time of arrest—with that of Mr. Anderson.

The agents testified the whiskey was left near the barn at 9:10 p. m. the night before, and the Dodge Truck was parked near it at 3:00 a. m. the following morning, and the whiskey was moved about 5:00 to 5:25 a. m. the same morning at which time the arrests occurred. The court is convinced beyond a reasonable doubt that the acts occurred substantially as the AT&F agents testified.

## CONCLUSIONS OF LAW

■ Johnson's attorney objects to the testimony of the agents on the ground that they had placed themselves on the Johnson property without a search warrant, and, therefore, their testimony was the product of an illegal search and seizure.

■ The Fourth Amendment is not applicable to "open fields." Care v. United States, 231 F.2d 22 (10th Cir., 1956).

■ On September 29, 1969, the First National Bank of Mobile filed a petition for remission of the forfeiture in that they had a security agreement with the owner, Henry Mance Johnson, and attached a copy of the agreement. They claimed that they were an innocent party. The claim shows that they did not make an investigation, and it is uncontradicted that Mr. Henry Johnson at that time had a reputation and record for dealing in non-tax paid whiskey. The claim was not re-filed.

The claim of the First National Bank of Mobile is hereby denied for that it affirmatively appears that they did not conduct an investigation before the execution of the security agreement and Mr. Henry Johnson at that time had a record and reputation for dealing in non-tax paid whiskey. Innocence of the

claimant is no defense in a forfeiture proceeding. United States v. Gramling, 180 F.2d 577 (5th Cir., 1950), holds it is not a defense for an owner, and this court is of the opinion that this claimant, without making an investigation, would be in the same position.

Therefore, it is ordered, adjudged, and decreed that judgment be and the same is hereby entered for the plaintiff.